UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRAD NEZAT** | * | CIVIL ACTION |
| **Plaintiff** | * | |
| | * | NO. 20-874 |
| V. | * | |
| | * | JUDGE: |
| | * | |
| **UNUM LIFE INSURANCE COMPANY** | | |
| **OF AMERICA** | * | MAG.: |
| **Defendant** | * | |

## COMPLAINT

1. Plaintiff, Brad Nezat ("Nezat") or ("Plaintiff"), brings this action against Defendant, Unum Life Insurance Company of America ("Unum") or ("Defendant"), for benefits payable under a long-term disability plan ("Plan") sponsored by his employer, Total Finance USA, Inc.

2. Unum reviewed claims for benefits under the Plan.

3. This Complaint challenges the Defendant's: a) unreasonable and unlawful denial of long-term disability income benefits despite the substantial medical evidence demonstrating Nezat's qualifications for said benefits; b) a pattern of rejecting and/or ignoring the substantial evidence supporting Nezat's eligibility for said benefits despite his disabling back condition and; c) failure to provide Nezat with a full and fair review of his claim, including failure to consider the duties of Nezat's occupation; and d) failure to provide a reasonable claims procedure that would yield a decision on the merits of Nezat's claim.

4. Nezat is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify his rights under the terms of the Plan, and to recover costs,

1

attorneys' fees, and pre- and post- suit interest as provided by ERISA.

5. This Court has personal jurisdiction over the Defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan was administered in this district and the Defendant's breach of its ERISA obligations took place in this district.

6. Nezat is domiciled in St. Amant, Ascension Parish, Louisiana. He has standing to bring this action under 29 U.S.C. § 1132(a).

7. The Defendant has its principal place of business and registered office in Maine.

8. Nezat is disabled from his own occupation and any occupation due to back problems, and the resulting symptoms and side effects of his prescribed medications.

9. Nezat has exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503.

10. Defendant failed to provide Nezat with a full and fair review of his claim for benefits.

11. The Defendant was motivated by its financial conflict of interest when it denied Nezat's benefits.

12. The decision to deny Nezat's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

13. Due to the unlawful denial of benefits under ERISA, Plaintiff has lost his rightful long-term disability benefits.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

14. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

15. The Plan is a contract.

16. Nezat has performed all of his obligations under the contract.

17. 29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

  a. by a participant or beneficiary –

  i. For the relief provided for in subsection (c) of this section, or

  ii. to recover benefits due to him under the terms of her Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

18. The Defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

19. Defendant unlawfully denied Nezat's benefits in part by: (1) rejecting the substantial evidence supporting Plaintiff's claim; and (2) denying Nezat a full and fair review of the decision to deny his benefits.

20. In accordance with 29 U.S.C. §1132, Nezat is entitled to be paid benefits under the Plan based upon his disabled status during his period of disability.

21. The Defendant has refused to provide Nezat with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA

22. As a direct and proximate result of this breach, Nezat has lost the principal and the use of his rightful long-term disability benefits.

## SECOND CAUSE OF ACTION

(Attorneys' Fees and Costs)

23. Plaintiff realleges each of the paragraphs above as if fully set forth herein;

24. Under the standards applicable to ERISA, Nezat deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of E.R.I.S.A., 29 U.S.C. Section 1132(g).

25. Defendant has the ability to satisfy the award.

26. Defendant acted in bad faith in denying Plaintiff's benefits under the Plan.

27. The award of attorneys' fees against the Defendant will deter the Defendant and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## **PRAYER FOR RELIEF**

28. WHEREFORE, the Plaintiff respectfully prays that the Court:

a. Declare, adjudge, and decree that Plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan for the pendency of disability;

b. Award Plaintiff the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

c. Order that the Defendant make restitution to Plaintiff in the amount of any losses sustained by Plaintiff in consequence of the wrongful conduct alleged herein, together with pre-suit and pre-judgment interest;

d. Award Plaintiff the costs of this action and reasonable attorneys' fees;

e.       Award such other relief as the Court deems just and reasonable.

                Respectfully submitted,

                THE PELLEGRIN FIRM, L.L.C.

                /s/ David C. Pellegrin, Jr.
                DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
                3500 North Hullen St.
                Suite 17D
                Metairie, LA 70002
                dpellegrin@pellegrinfirm.com
                Phone: (504) 405-3245
                Fax: 1-866-651-8738
                Attorney for Plaintiff Brad Nezat